UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JAMES FAULKNER,

    Petitioner,

    v.

E. VALENZUELA, Warden,

    Respondent.

No. 2:15-cv-1485 KJM DAD P

ORDER

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus. Petitioner has paid the filing fee.

**THE PETITION**

Petitioner commenced this action by filing a petition for writ of habeas corpus challenging his 2013 judgment of conviction entered in the Shasta County Superior Court. Petitioner asserts four claims for relief in his petition but acknowledges that he has not exhausted his grounds three and four with the California Supreme Court. (Pet. at 2 & 6.)

**DISCUSSION**

Petitioner's federal habeas corpus petition is a "mixed" petition, containing both exhausted and unexhausted claims. A federal court cannot grant habeas corpus relief on a "mixed" petition. The United States Court of Appeals for the Ninth Circuit has analyzed the two stay and abeyance procedures available to habeas petitioners who wish to proceed with both

exhausted and unexhausted claims for relief in federal court. See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). First, the Ninth Circuit explained "the Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135. A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions.[1] However, if a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims set forth in his original federal petition. In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a federal habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay. See King, 564 F.3d at 1140-41; see also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized an alternative stay and abeyance procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005). Under the Rhines procedure, the petitioner need not amend his federal habeas petition to delete unexhausted claims. Instead, the petitioner may proceed on a "mixed petition," i.e., one containing both exhausted and unexhausted claims; his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court

---

[1] The habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). A petitioner who elects to proceed under the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of the claims set forth in his federal petition. See King, 564 F.3d at 1140. However, the Supreme Court has also cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 277-78. The Supreme Court explained that district courts should not grant such a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless. Id. at 278. Further, under Rhines, "'stay-and-abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.'" King, 564 F.3d at 1139 (quoting Rhines, 544 U.S. at 277-78). See also Blake v. Baker, 745 F.3d 977 (9th Cir. 2014) ("good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure. An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust"). The decisions in both Kelly and Rhines "are directed at solving the same problem – namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)." King, 564 F.3d at 1136.

Under the circumstances of this case, the court will provide petitioner with an opportunity to file a motion for a stay and abeyance pursuant to either the Kelly procedure or the Rhines procedure.[2] Alternatively, petitioner may elect to abandon his unexhausted claims without seeking a stay and abeyance order and proceed solely on his exhausted claims. However, petitioner is cautioned that if he chooses to proceed solely on his exhausted claims before this court, he risks forfeiting consideration of the unexhausted claims in this or any other federal

---

[2] If petitioner elects to file a motion pursuant to the Rhines procedure, his the motion must (1) show good cause for petitioner's failure to exhaust all claims before filing this action, (2) demonstrate why each of petitioner's unexhausted claims is potentially meritorious, (3) describe the status of any state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted diligently in pursuing his unexhausted claims.

court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), 28 U.S.C. foll. § 2254.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the date of service of this order, petitioner shall do one of the following:

    (a) file a motion for a stay and abeyance pursuant to the Kelly procedure, together with an amended petition that contains only his exhausted claims;

    (b) file a motion for a stay and abeyance pursuant to the Rhines procedure that demonstrates "good cause" for petitioner's failure to exhaust his claims in state court; or

    (c) file an amended habeas petition in this court that contains only petitioner's exhausted claims with a notice to the court indicating that petitioner is abandoning his unexhausted claims.

2. Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice; and

3. The Clerk of the Court is directed to send petitioner a blank form used by prisoners in this district to petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Dated:  October 8, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
faul1485.sty